JAMES WHIT *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 324.]

CRIMINAL LAW. *Trial. Argument. Abuse of.*

Seasonable objection being made, it is reversible error for a prosecuting attorney in a murder case to have said to the jury in his closing argument that "every lawyer who deserves the name knows that the previous conviction in this case was reversed by the supreme court on a mere technicality; it was reversed on account of the absence of a witness, while affidavits in the record show that he was here at the trial."

FROM the circuit court of Tate county.

HON. JAMES B. BOOTHE, Judge.

Whit, the appellant, was tried for and convicted of murder, sentenced to the penitentiary for life, and appealed to the supreme court. The case was heretofore in the supreme court, and is reported—*Whit* v. *State,* 85 Miss., 208 (s.c., 37 South. Rep., 809).

*W. J. East,* for appellant.

The remarks of the district attorney were in direct violation of law. It was the duty of the jury to try appellant on the evidence. The statement that he had been convicted before, and that the sentence was reversed on the merest technicality, as

every lawyer worthy of the name lawyer knows, was calculated to sway the jury. The reversal was not a matter with which they had anything to do, and such language should not have been used. 21 Texas Court of Appeals, 667.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The remarks of the district attorney in the presence of the jury touching the previous conviction and reversal ought not to cause a reversal of the judgment now appealed from.

'Argued orally by *W. J. East,* for appellant, and by *R. V. Fletcher,* for appellee.

CALHOON, J., delivered the opinion of the court.

The district attorney, in his closing argument to the jury, said: "Every lawyer who deserves the name lawyer knows that the case was reversed by the supreme court on the merest technicality." Defendant objected at once to these remarks. Thereupon the district attorney turned to defendant's attorney and said loudly: "Yes, I said it. Write it out and sign my name to it. This case, gentlemen of the jury, was reversed on account of the absence of Watt Luckett, when the record shows by affidavits on file with the record that Watt Luckett was here at the trial." This, also, was objected to, but the court remained silent, did not sustain the objection, and exception was taken.

In order to determine whether the objection to these remarks is merely technical or vital to an impartial trial, which the constitution guarantees in all cases, it is only necessary for any citizen, however innocent, to imagine himself on trial for his life, with the evidence conflicting, and this language used to the jury by the representative of the state, who would doubtless be, as in this case, a gentleman of very high character and reputation. The trial ceased to be fair when these words, seasonably objected to, were used without correction. Juries have no concern with the action of this court. The previous reversal of this case—85 Miss., 208 (37 South. Rep., 809)—so far from being technical,

was at the very *crux* of an impartial trial, and made necessary by sec. 26 of the constitution, giving the right to accused persons "to be confronted by the witnesses against them," and for compulsory process to obtain them.    The record showed that this right, which cannot be taken away by legislatures or courts, was denied to the accused.    Reversal was, therefore, inescapable by any conscientious court.

It is true that it was sought then to supply the record by the *ex parte* affidavit of the sheriff that the witness had, in fact, been present.    This surely needs no comment.    This is, by the constitution, an appellate court, with no original jurisdiction whatever, and must try by the certified records alone.    They cannot be amended by oral or written testimony as to facts.    Otherwise, notice must be given and testimony had on the other side, and there would be no end.

*Because of the remarks recited, and because of them only, this case must be reversed and remanded.*